IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C. ACKOUREY, JR. d/b/a GRAPHIC STYLES/STYLES INTERNATIONAL LLC,<br>                       Plaintiff,<br><br>v.<br><br>SONELLAS CUSTOM TAILORS, a/k/a HONG KONG TAILORS (USA), and DILEEP KUMAR DASWANI, a/k/a KEN DASWANI,<br>                       Defendants. | CIVIL ACTION<br><br><br>NO. 12-6729 |

DuBois, J.                                                                                                 August 21, 2013

**M E M O R A N D U M**

**I.**       **INTRODUCTION**

Plaintiff Richard Ackourey, d/b/a Graphic Styles/Styles International LLC, claims that defendants Sonellas Custom Tailors, a/k/a Hong Kong Tailors (USA), and Dileep Kumar Daswani, a/k/a Ken Daswani, wrongfully used plaintiff's copyrighted images on their websites. Defendants, who are citizens of Oregon, now move to dismiss the case on the ground that this Court lacks personal jurisdiction over them. For the reasons set forth below, the Court grants the motion to dismiss the Complaint for lack of personal jurisdiction over defendants.

**II.**       **BACKGROUND**

      **A.**       **Factual Background**

Plaintiff, a resident of Pennsylvania, is the owner of two graphic styleguides published in 2005 and 2006, both of which contain hundreds of drawings of men's and women's clothing designs. (Compl. ¶¶ 3, 18-19.) Both styleguides were registered as compilation copyrights and contain copyright statements within them. (*Id*. at ¶¶ 18-22.)

Defendant Dileep Kumar Daswani is a tailor of custom clothing. (Defs.' Daswani

Declaration ¶ 2.) He is the owner of defendant Sonellas Custom Tailors, which was renamed Daswani Tailors in 2005. (*Id*.) Defendants sell custom tailored clothing by scheduled appointments throughout the country. (Compl. ¶ 5-6.) Defendants' websites, which allegedly contain the infringing images, advertise their travel schedule. (Defs.' Daswani Declaration ¶ 5.) On those websites, prospective customers can email defendants to request an appointment but cannot place an order, make a payment, or otherwise engage in business transactions with defendants. (*Id*. at ¶ 7.) Daswani avers that he receives an average of three or four inquiries through the contact information on his websites a month and that "almost all of [his] business is generated by referrals from existing customers." (Defs.' Daswani Declaration ¶¶ 5, 7.)

Defendants are based in Oregon. (Defs.' Daswani Declaration ¶ 2.) Daswani avers that he has never travelled to Pennsylvania for tailoring business and has no customer base in Pennsylvania. (*Id*. at ¶ 5.) However, plaintiff attached exhibits of screenshots of defendants' websites which show future available stops in Philadelphia, Pennsylvania. (Pl.'s Exhs. B-G.) Daswani concedes that on rare occasions he may have fulfilled an order for a Pennsylvania customer given to him by a cooperating tailor who travelled to Pennsylvania. (Defs.' Daswani Declaration ¶ 6.) In March 2005, Daswani ordered the 2005 styleguide from plaintiff, and the book was shipped from Pennsylvania. (*Id*. at ¶ 8; Compl. ¶ 23.)

### B. Procedural Background

In May 2012, plaintiff filed a complaint against defendants as part of a larger case against four sets of defendants. In that case, the claims against each defendant were the same: copyright infringement by the wrongful posting of graphic images on various websites. In November 2012, Judge Timothy Savage severed three sets of defendants out of the four and then dismissed the remaining defendants for lack of personal jurisdiction. *See Ackourey v. Andre Lani Custom*

*Clothiers, et al.*, 2012 WL 5944677 (E.D. Pa. Nov. 28, 2012). The dismissal of the three sets of defendants was without prejudice to the right of plaintiff to file separate cases against each. On December 3, 2012, plaintiff filed three new cases against the severed sets of defendants, including the instant action.

### III.   LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the laws of the state where the district court sits." *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 200 (3d Cir. 1998). Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants "to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." *Id.*; 42 Pa. Cons. Stat. § 5322(b).

Once a defendant has filed a motion to dismiss for lack of personal jurisdiction, the burden rests on the plaintiff to prove that jurisdiction exists in the forum state. *Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998). When considering the motion, the court construes any factual averments and resolves all doubts in the plaintiff's favor. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 1996).

A court may obtain personal jurisdiction over a defendant in one of two ways. First, the court has general jurisdiction if the defendant has engaged in "systematic and continuous" contacts with the forum state and the exercise of jurisdiction is "reasonable." *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 416 (1984). Second, the court has specific jurisdiction if "the defendant purposefully establishe[s] 'minimum contacts' in the forum." *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

## IV. DISCUSSION

Defendants argue that this Court lacks personal jurisdiction over them. They contend that the claims of copyright infringement are based on the use of images on defendants' passive, Oregon-based website. They claim that they do no business in Pennsylvania and have no "systemic and continuous" contacts with the forum state to allow this Court to exercise general jurisdiction. Finally, they contend that the claims do not arise out of any conduct in Pennsylvania, and as such this Court lacks specific jurisdiction over them. Plaintiff responds that defendants sell tailored clothing online and through appointments in, *inter alia*, Pennsylvania, and such appointments are scheduled through the websites. He also contends that defendants reached into the forum state when they bought the 2005 styleguide from plaintiff.

As an initial matter, plaintiff does not argue that general jurisdiction exists. In any case, plaintiff has failed to allege any "continuous and systematic" contacts with the forum state to justify the exercise of general jurisdiction over defendants as "reasonable." *See Helicopteros Nacionales de Colombia*, 466 U.S. at 416. The Court therefore will address only the arguments pertaining to specific jurisdiction.

"Specific jurisdiction is far narrower [than general jurisdiction] .... It arises when the claim is related to or arises out of the defendant's contacts with the forum." *MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 65 Fed. App'x 844, 849 (3d Cir. 2003) (internal quotations and citations omitted); *Driscoll v. Matt Blatt Auto Sales*, 1996 WL 156366, at *2 (E.D. Pa. Apr. 3, 1996) (for purposes of specific jurisdiction, "cause of action must arise out of the defendant's activities within the Commonwealth."). In Pennsylvania, courts may exercise specific jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States and [such jurisdiction] may be based on the most minimum contact with [the]

4

Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b); *see also Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992) (statute "permits the courts of [the] state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment.").

In *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), the Supreme Court held that due process requires only that nonresident defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." A defendant may not be "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *See Burger King*, 471 U.S. at 475 (internal quotations and citations omitted). Rather, "the defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475.

One of the "leading case[s] regarding personal jurisdiction based on a website is *Zippo Mfg. Co. v. Zippo Dot Com*, Inc., 952 F.Supp. 1119 (W.D. Pa. 1997), in which the district court established a sliding scale test, with personal jurisdiction found to be appropriate if a website was 'interactive' but not if the website was 'passive.'" *Pierce v. Hayward Industries, Inc.*, 2006 WL 3242274, at *5 (E.D. Pa. 2006); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003) (discussing *Zippo*). Reviewing the "cases and materials" available at the time, the *Zippo* court explained that the "likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity

conducts over the Internet." *Id*., 952 F.Supp. at 1123-24. In cases post-dating *Zippo*, courts have also considered whether a defendant's website is targeted specifically to Pennsylvanians, and whether the website is central to the defendant's business in Pennsylvania. *See McCague v. Trilogy Corp.*, 2007 WL 839921, at *3 (E.D. Pa. Mar. 15, 2007); *Snyder v. Dolphin Encounters, Ltd.*, 235 F.Supp.2d 433, 440-41 (E.D. Pa. 2002) (citing *Molnlycke Health Care AB v. Dumex Med. Surgical Products Ltd.*, 64 F. Supp. 2d 448, 452 (E.D. Pa. 1999)).

In this case, plaintiff argues that defendants' websites are sufficiently interactive under *Zippo* to justify the exercise of personal jurisdiction. Specifically, he contends that the ability to book an appointment on the websites is an important aspect of defendants' business. Further, by posting a travel schedule that included Philadelphia, defendants were directly targeting and knowingly interacting with prospective customers in the forum state. Finally, plaintiff argues that defendants purposefully reached into Pennsylvania to buy the 2005 styleguide, which constitutes "related non-Internet activities as part of the 'purposeful availment' calculus." *Toys "R" Us*, 318 F.3d at 453.

Specific jurisdiction requires that plaintiff's claim be "related to or arise[] out of the defendant[s'] contacts with the forum." *MoneyGram Payment Systems*, 65 Fed. App'x at 849. Because plaintiff alleges that defendants wrongfully used his copyrights images on defendants' websites, the Court must determine whether the websites constitute grounds for exercising personal jurisdiction. The Court concludes they do not.

Defendants' websites are largely passive in nature: customers cannot order clothes or fabric swatches, they cannot pay for previously made orders, and they cannot engage in other, similar transactions with defendants. At most, prospective customers may fill out a contact form to request an appointment. (Pl.'s Exhs. B-G.) Although plaintiff argues that defendants have

6

directly targeted Pennsylvania by listing appointments here, Daswani has averred that he has not in fact travelled to Pennsylvania for business. (Pl.'s Exhs. B-G; Defs.' Daswani Declaration ¶ 5.) Thus, the "nature and quality of commercial activity that [defendants] conduct[] over the Internet" are insubstantial. *Zippo*, 952 F.Supp. at 1123-24. This minimum level of interactivity between defendants and customers – little more than "mak[ing] information available to those who are interested in it" – renders the websites largely passive. *Id*. at 1124.

Moreover, defendants' websites are not "central" to their business. Daswani avers that he receives an average of three or four inquiries through the contact information on his websites a month. (Defs.' Daswani Declaration at ¶ 7.) Instead, "almost all of [his] business is generated by referrals from existing customers." (*Id*. at ¶ 5.) Further, Daswani avers that he has no customer base in Pennsylvania. (*Id*.) To the extent that Daswani may have fulfilled orders for some Pennsylvania-based customers, he states that they were referred to him by other tailors. (*Id*. at ¶ 6.) Therefore, defendants' websites are not central to their business in Pennsylvania.

The Court concludes that the few admitted contacts with customers in Pennsylvania are merely "random, fortuitous, or attenuated contacts" that cannot form the basis of personal jurisdiction. *See Burger King*, 471 U.S. at 475; *see also S. Morantz, Inc.*, 79 F. Supp. 2d at 542 ("One machine, four videos and five e-mails do not demonstrate the kind of contacts contemplated in *Zippo,* where defendant had consummated 3,000 contracts with residents of Pennsylvania over the Internet…"). Similarly, defendants' singular purchase of the 2005 styleguide from plaintiff in Pennsylvania is a "random, fortuitous, or attenuated" contact with the forum state that cannot support the exercise of personal jurisdiction over defendants. *See Burger King*, 471 U.S. at 475.

Importantly, plaintiff has presented no evidence to contradict Daswani's averments that he has no business presence in Pennsylvania. The Court also notes that plaintiff has not requested

discovery on the jurisdiction issue.

Finally, the Court concludes it would "offend traditional notions of fair play and substantial justice" to exercise personal jurisdiction over defendants. Defendants maintain no presence in Pennsylvania and have no customers here. Daswani, who lives across the country, avers that he has never traveled to Pennsylvania to engage in business. Moreover, the evidence that defendants have targeted Pennsylvania is insubstantial. Therefore, the maintenance of the suit would "offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co.*, 326 U.S. at 316 (1945). In short, defendants' passive websites and related non-Internet contacts are insufficient to support the exercise of specific jurisdiction over defendants.

## V. CONCLUSION

For the reasons stated above, plaintiff has failed to produce any evidence that "defendant[s] purposefully established 'minimum contacts' in the forum." *See BP Chems. Ltd.*, 229 F.3d at 259. The Court thus concludes that it lacks personal jurisdiction over defendants in this case.

An appropriate order follows.