**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICHARD C. ACKOUREY d/b/a GRAPHIC STYLES/STYLES INTERNATIONAL LLC,** <br> **Plaintiff,** | **CIVIL ACTION** |
| **v.** | **NO.  12-6729** |
| **SONELLAS CUSTOM TAILORS, a/k/a HONG KONG TAILORS (USA), and DILEEP KUMAR DASWANI, a/k/a KEN DASWANI,** <br> **Defendants.** | |

DuBois, J.                                                                                    April 3, 2014

<u>**M E M O R A N D U M**</u>

Plaintiff Richard Ackourey, d/b/a Graphic Styles/Styles International LLC, filed suit on December 3, 2012 against defendants Sonellas Custom Tailors, a/k/a Hong Kong Tailors (USA), and Dileep Kumar Daswani, a/k/a Ken Daswani, alleging that defendants wrongfully used plaintiff's copyrighted images on their websites.  By Memorandum and Order dated August 21, 2013, the Court dismissed plaintiff's Complaint for lack of personal jurisdiction. Defendants now move, pursuant to Federal Rule of Civil Procedure 54(d)(2), 28 U.S.C. § 1919, and 17 U.S.C. § 505, for an award of attorney's fees and expenses in the amount of $32,656.57.  For the reasons set forth below, defendants' Motion is denied.

**I.      BACKGROUND**

The background of this case is set forth in detail in this Court's Memorandum and Order of August 21, 2013, granting defendants' Motion to Dismiss,  *see Ackourey v. Sonellas Custom Tailors*, No. 12-cv-6729, 2013 WL 4479225 (E.D. Pa. Aug. 21, 2013), and will be recited in this Memorandum only as necessary to address the issues presented by Defendants' Motion for

Attorneys' Fees.

On December 3, 2012, plaintiff filed the instant action.  On April 29, 2013, defendants, who are citizens of Oregon, filed a Motion to Dismiss the Complaint for lack of personal jurisdiction.  By Memorandum and Order dated August 21, 2013, the Court granted Defendants' Motion to Dismiss without prejudice on the ground that "plaintiff ha[d] fail[ed] to produce any evidence that 'defendant[s] purposefully established minimum contacts in the forum.'"  *Id.* at *5 (quoting *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000)).

On September 16, 2013, plaintiff filed a Notice of Appeal to the U.S. Court of Appeals for the Third Circuit.  On September 24, 2013, the U.S. Court of Appeals for the Third Circuit issued an Order, which stated, in relevant part:

> Appellant seeks review of the District Court's Order entered August 22, 2013.  It appears that the Court lacks jurisdiction because the order is not immediately appealable.  All parties must file written response addressing this Court's authority to consider the appeal, with a certificate of service attached, within fourteen (14) days from the date of this order.

(citations omitted).  On October 8, 2013, plaintiff responded to this Order by stating that "Plaintiff-Appellant will stand on the complaint."  *See* Pl.'s Resp. to the Order of the U.S. Court of Appeals for the Third Circuit of Sept. 24, 2013, at 2, *Ackourey v. Sonellas Custom Tailors*, No. 13-3818 (3d Cir. Oct. 8, 2013).  On October 4, 2013, defendants filed, in this Court, the instant Motion for Attorneys' Fees.  By Order dated October 28, 2013, the U.S. Court of Appeals for the Third Circuit referred the jurisdictional issue to the merits panel for "a final determination of appellate jurisdiction."  Plaintiff's appeal remains pending.

## II.  DISCUSSION

### A.  Defendants Are Not Entitled to Attorney's Fees Under Either 28 U.S.C. § 1919 or 17 U.S.C. § 505

Defendants first argue that they is entitled to attorney's fees under 28 U.S.C. § 1919,

which provides that "[w]henever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs." Attorney's fees are not recoverable, however, under this statute. *See, e.g.*, *Catillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 123-24 (2d Cir. 2013) (holding that "'just costs' authorized by section 1919 [do not] include attorney's fees"); *Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 49 (5th Cir. Unit A. Aug. 1981) ("Although [the district court] may order the payment of 'just costs,' 28 U.S.C. [§] 1919, such 'costs' do not include attorney's fees . . . ."). Thus, the Court rejects this argument.

The Court also concludes that defendants are not entitled to attorney's fees under 28 U.S.C. § 505, which provides, in relevant part, that a "court may . . . award a reasonable attorney's fee to the prevailing party." The dispositive issue with respect to this statute is whether defendants are prevailing parties. The Court concludes that they are not. "[A] 'prevailing party' is one who has been awarded some relief by the court" that creates a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001). The Supreme Court has held that "a plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* at 603 (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).[1]

Because the Court dismissed plaintiff's Complaint without prejudice for lack of personal jurisdiction, defendants are not prevailing parties.[2] *See, e.g.*, *Buccellati Holding Italia SPA v.*

---

[1] This may take the form of either a "judgment on the merits" or a "settlement agreement[] enforced through a consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).

[2] Defendants incorrectly argue that they in fact "prevailed [on the merits] on their motion to dismiss for lack of personal jurisdiction . . . [because plaintiff] has elected to stand on the complaint, effectively conceding that the dismissal is with prejudice." Defs.' Mem. in Supp. of Mot. for Attorneys' Fees at 5 (Document No. 17-1). The Court rejects this argument. The

*Laura Buccellati, LLC*, No. 11-cv-7268, 2013 WL 6223596, at *3 (S.D.N.Y. Dec. 2, 2013) ("Our

view is supported by every district court decision of which we aware since *Buckhannon* that has

actually considered the issue of whether a defendant who prevails on a motion to dismiss for lack

of personal jurisdiction is a 'prevailing party.' Each case has held that such a defendant is not a

prevailing party." (citing cases)); *Lang v. Morris*, No. 11-cv-1366, 2011 WL 6055513, at *1

(N.D. Cal. Dec. 6, 2011) (holding that, where the plaintiffs' complaint was dismissed for lack of

personal jurisdiction, the "[d]efendant [was] not a prevailing party because she ha[d] not secured

any relief on the merits").

### B. Defendants Are Not Entitled to Reimbursement for "Counsel's Expenses" Under Either 28 U.S.C. § 1919 or 17 U.S.C. § 505

The Court next turns to defendants' argument that they are entitled to reimbursement for

electronic legal-research and postage costs.[3] *See* Defs. Mot. for Attorneys' Fees at 1 (Document

No. 17). Numerous courts have held that such charges are a component of attorney's fees rather

than "costs." *See, e.g.*, *InvesSys, Inc. v. McGraw-Hill Cos.*, 369 F.3d 16, 22 (1st Cir. 2004)

(noting that "the Supreme Court has endorsed the view that *disbursements* made by an attorney

and ordinarily billed directed to the client [such as computer-assisted research] . . . can be

properly encompassed within the phrase 'attorney's fee'"); *Elliott v. GEICO*, No. 06-cv-0234,

___

August 21, 2013 Order, dismissing plaintiff's Complaint for lack of personal jurisdiction without prejudice, is final and appealable. *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 583-84 (7th Cir. 2008) ("Although without prejudice to bringing an action in another forum, a dismissal on forum non conveniens grounds is a final judgment. In this respect it is like a dismissal for lack of subject-matter or personal jurisdiction."); *cf. Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 180 (3d Cir. 2008) ("We have jurisdiction pursuant to 28 U.S.C. § 1291 over a dismissal for lack of subject matter jurisdiction . . . ."). A dismissal for lack of personal jurisdiction without prejudice differs from one in which a court dismisses a plaintiff's complaint for failure to state a claim with leave to file an amended complaint. In the latter case, the court's order generally would not be appealable unless either the plaintiff stands on his complaint, thereby converting the dismissal into a final appealable order, or the filing of an amended complaint would be futile.

[3] Defendants label these charges as "counsel's expenses."

2007 WL 5231711, at *6 (D.N.M. Aug. 7, 2007) (holding that electronic legal-research is not recoverable as a "cost" under § 1919); *Boyadjian v. CIGNA Companies*, 994 F. Supp. 278, 281 (D.N.J. 1998) (noting that "expenses for postage are reimbursable as part of attorney's fees" and holding that "[b]ecause . . . [the] plaintiff [was] not entitled to attorney's fees, he c[ould not] recover amounts spent on postage").  Because defendants are not entitled to an award of attorney's fees in this case, they may not recover for these expenses.[4]

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorneys' Fees is denied.  An appropriate order follows.

_____

[4] Further, assuming *arguendo* that these expenses could be considered "costs" under either statute, the Court declines to exercise its discretion in awarding them.  The Court finds persuasive the reasoning of courts that have concluded that 28 U.S.C. § 1920 – which does not provide for reimbursement of such administrative expenses – should guide the Court in determining which "costs" to award pursuant to other fee- and cost-shifting statutes.  *See Davis v. Eastfield Ming Quong, Inc.*, No. 8-cv-769, 2009 WL 225420, at *1-*2 (N.D. Cal. Jan. 29, 2009).